UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GAY PASLEY,                            )
    Plaintiff,                         )
                                       )
v.                                     )   Case No. CIV-17-530-M
                                       )
INNOVATIVE CAPITAL                     )
MANAGEMENT, LLC                        )
And HARMONY HOSPICE, LLC,              )
d/b/a TENDERCARE HOSPICE,              )
    Defendants.                        )

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a Judge in this Court

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

**COMES NOW** Plaintiff, Gay Pasley by and through her attorneys, Grant Law Firm PLLC, as local counsel, and Gafkay Law, PLC, lead counsel, and hereby files this Complaint against Defendants as follows:

1. Plaintiff, Gay Pasley (hereinafter "Plaintiff"), is a citizen of the United States and resides in the County of Oklahoma, State of Oklahoma.

2. Defendant, Innovative Capital Management (hereinafter "Defendant Innovative"), is a limited liability company in the State of Oklahoma.

3. Defendant, Harmony Hospice, LLC (hereinafter "Defendant Hospice") is a limited liability company in the State of Oklahoma.

4. This is a civil action brought pursuant to Federal claims under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e for racial discrimination.

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5.

6. Plaintiff was issued a Notice of Right to Sue on April 12, 2017.

## RELEVANT FACTS

7. Plaintiff is African American.

8. Plaintiff began her employment with Defendants on or about June 28, 2016 as a full time RN Case Manager.

9. Plaintiff worked for Defendant Innovative assigned to Defendant Hospice to provide hospice services.

10. Plaintiff was well-qualified for her position.

11. At all relevant times, the Acting Director of Nursing was Cynthia Crow (hereinafter "Crow").

12. In the Fall of 2017, Crow told Plaintiff that a patient did not want any Black people in his home and Plaintiff was told not to care for or go to that patient's home solely because she is African American.

2

13. Subsequently, even when Plaintiff was on-call, Defendant Hospice would bring in an RN, who is not Black, to care for the patient denying Plaintiff additional compensation for responding to a patient call while on-call.

14. Plaintiff made numerous complaints to management about the race discrimination.

15. Despite Plaintiff's repeated complaints of race discrimination, Defendant Hospice continued to reassign her and deny her on-call compensation as to that patient based solely on her race.

16. Plaintiff felt harassed, humiliated and discriminated against as a result of the segregation of her job duties and being unable to perform her duties.

17. Plaintiff felt as though she had no other choice but to resign her employment because of the severe and pervasive race discrimination.

18. Plaintiff resigned effective on or about March 17, 2017.

19. Plaintiff has suffered damages as a result of the above.

### COUNT I-42 USC § 1981 RACE DISCRIMINATION CLAIM AGAINST DEFENDANT WITH REGARD TO DENIAL OF ENJOYMENT OF ALL BENEFITS, PRIVILEGES, TERMS AND CONDITIONS OF EMPLOYMENT

20. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 19 above.

21. Plaintiff is African American.

22. Defendant intentionally discriminated against African American employees, including Plaintiff, when it required that no Black employees care for a certain Caucasian patient in or about October of 2014 to the present.

23. The said racial discrimination related to Plaintiff's employment with Defendant and she was denied the enjoyment of all benefits, privileges, terms and conditions of that employment relationship because of her race.

24. Accordingly, Plaintiff hereby asserts a 42 U.S.C. 1981 claim against Defendant.

25. That as a direct and proximate result of Defendant's aforesaid violations of Plaintiff's rights, Plaintiff has suffered and sustained reassignment, loss of hours, loss of pay, emotional distress and mental anguish, past and future injuries to feelings including extreme embarrassment and humiliation, past and future outrage, damages to reputation, and whatever punitive damages are recoverable herein.

### 42 USC § 2000e RACE DISCRIMINATION CLAIM AGAINST DEFENDANT INNOVATIVE CAPITAL MANAGEMENT

26. Plaintiff incorporates by reference paragraphs 1 through 25.

27. At all material times, Defendant was an employer, covered by and within the meaning of Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

28. Plaintiff's race was a factor that made a difference in Defendant's decision to subject her to the wrongful and discriminatory treatment described above.

29. Defendant limited, segregated, or classified Plaintiff in order to deprive her of employment opportunities or otherwise adversely affect her status as an employee because of her race.

30. Defendant, by its agents, representatives, and employees, were predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

31. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

32. If Plaintiff had been white, she would not have been treated in the manner described.

33. That as a direct and proximate result of Defendant's aforesaid violations of Plaintiff's rights, Plaintiff has suffered and sustained reassignment, loss of hours, loss of pay, emotional distress and mental anguish, past and future injuries to feelings including extreme embarrassment and humiliation, past and future outrage, damages to reputation, and whatever punitive damages are recoverable herein.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant for the following relief:

1. An award to Plaintiff of compensatory damages sufficient to compensate her for mental anguish and emotional distress, embarrassment and humiliation, and damage to her professional reputation as a result of Defendants' actions.

2. An award of past and future wages as a result of Defendants' failure to allow Plaintiff to care for the Caucasian patient.

3. An award to Plaintiff of punitive damages against Defendants as a result of the reckless indifference with which it violated Plaintiff's rights under the law.

4. An award to Plaintiff of the costs and disbursements of this action, including reasonable attorney fees pursuant to statute.

5. An award to Plaintiff of other and additional legal and/or equitable relief to which they may be entitled.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

Dated: May 5, 2017.                    Respectfully submitted;

**GRANT LAW FIRM PLLC**

s/Michael E. Grant
BY:   MICHAEL E. GRANT
Local Counsel for Plaintiff
512 Northwest 12th Street
Oklahoma City, OK  73103-2407
Telephone: (405) 232-6357
de1471@coxinet.net

GAFKAY LAW, PLC

s/Julie A. Gafkay
JULIE A. GAFKAY
Lead Counsel for Plaintiff
Gafkay Law, PLC
175 S. Main Street
Frankenmuth, Michigan 48734
Telephone: (989) 652-9240
jgafkay@gafkaylaw.com